CAROL SCHULTZE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
schultzec@sec.gov
Telephone: 202-551-4958
Attorney for Plaintiff/Judgment Creditor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>GURPRIT CHANDHOKE and VII PEAKS CAPITAL, LLC,<br><br>          Defendants. | No. |

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER ENFORCING COMPLIANCE WITH A COMMISSION ORDER PURSUANT SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to the Court for and requests an order pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by Defendants Gurprit Chandhoke ("Chandhoke") and VII Peaks Capital, LLC ("VII Peaks") (collectively, "Defendants") with the Commission's Order to Institute Administrative and Cease and Desist Proceedings entered against them on June 4,

1

2021 (the "Order"). In support of this application (hereinafter "Application"), the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to convert the Monetary Provisions of the Commission's Order, which found that Chandhoke and VII Peaks willfully violated Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), Section 57(a) of the Investment Company Act of 1940 ("Investment Company Act") and Rule 17d-1 thereunder, and Defendant VII Peaks willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder.

2. Defendants have failed to pay the disgorgement amount, prejudgment interest and civil penalties amount set forth in and imposed by the order.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Gurprit Chandhoke, age 46, resides in San Francisco, California located in San Francisco County.

5. VII Peaks Capital, LLC, is located in Walnut Creek, California in Contra Costa County.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

7. Venue lies in the United States District Court for Northern District of California under Section 27(a) of the Exchange Act [15U.S.C. §78aa] as individual Defendant Chandhoke is an

"inhabitant" of this District and Defendant VII Peaks Capital, LLC is a corporation incorporated in this District.

## STATEMENT OF RELEVANT FACTS

8. On June 4, 2021, the Commission issued the Order making findings and imposing remedial sanctions and injunctive relief on consent against Chandhoke and VII Peaks. The Order required Chandhoke to pay disgorgement of $87,500 and prejudgment interest of $16,857, pursuant to Commission Rule of Practice 600; and a civil money penalty of $90,000. The Order required VII Peaks to pay disgorgement of $722,500 and prejudgment interest of $123,199, pursuant to Commission Rule of Practice 600; and a civil money penalty of $185,000. Chandhoke made one payment of $1,030.00 on July 8, 2022. No further payments have been made since that date. *See* Declaration of Carol E. Schultze ¶6.

9. Defendants did not seek review of the Order, and their time to do so has expired. *See* 15 U.S.C. § 77i(a).

## ARGUMENT

10. The Commission brings this proceeding under Section 21(e)(1) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act. This provision of federal securities laws authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in federal district courts.

11. Proceedings under this provision are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

12.   In such proceedings, the Defendant may not challenge the validity of the Order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). *See e.g., SEC v. Morley, et al.*, Case No. 1:18-cv-03658-CCB (D. Md. Feb. 15, 2019) (attached) (enforcing compliance with SEC Order pursuant to Section 21(e) of the Exchange Act and Section 42(d) of the Investment Company Act of 1940, 15 U.S.C. § 81(d).) "By the time a [Section] 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy*, 322 F.3d at 658.

13.   This proceeding, therefore, is properly commenced by service of this Application, supporting papers, and an order to show cause, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That this Court enter the Proposed Order to Show Cause, filed herewith, directing Defendants Chandhoke and VII Peaks to show cause why this Court should not enter an order enforcing their compliance with the Monetary Provisions of the Commission Order.

II.

That this Court thereafter enter an Order and Final Judgment enforcing the Commission Order and finding Defendants Chandhoke and VII Peaks Capital, LLC jointly and severally liable up to Chandhoke's $87,5000 disgorgement ordered amount and the ordered prejudgment interest of $16,587 with payments being applied first to post order interest and

4

requiring:

a.  Chandhoke to pay disgorgement of $87,500 and prejudgment interest of $16,857, pursuant to Commission Rule of Practice 600; and a civil money penalty of $90,000 with additional interest pursuant to 31 U.S.C. § 3717 until the entry of the final judgment to the United States Securities and Exchange Commission to be transferred to the general fund of the United States Treasury; and

b.  VII Peaks to pay disgorgement of $722,500 and prejudgment interest of $123,199, pursuant to Commission Rule of Practice 600; and a civil money penalty of $185,000 with additional interest pursuant to 31 U.S.C. § 3717 until the entry of the final judgment to the United States Securities and Exchange Commission to be transferred to the general fund of the United States Treasury.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308. Post Judgment interest shall accrue pursuant to 28 U.S.C. § 1961, from the date of this Final Judgment until the date all amounts owed have been paid.

IV.

That this Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

V.

That, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Application are true and admitted by Defendants and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under

5

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

That this Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VII.

That this Court order such other and further relief as may be just and proper.

Dated: June 3, 2026

Respectfully submitted,

_____/s/_____

CAROL SCHULTZE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
schultzec@sec.gov
Telephone: 202-551-4958
Attorney for Plaintiff/Judgment Creditor

6