UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

**v.**

**GURPRIT CHANDHOKE and**
**VII PEAKS CAPITAL, LLC,**

Defendants.

**[~~PROPOSED~~]ORDER TO SHOW CAUSE**

Upon the Application of the Securities and Exchange Commission (the "Commission") for an order pursuant Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), enforcing compliance by Defendants Gurprit Chandhoke ("Chandhoke") and VII Peaks Capital, LLC ("Peaks Capital") with the monetary provisions of a final Commission order entered against them on June 4, 2021 ordering:

1. Defendant Chandhoke to pay disgorgement in the amount of **$87,500** plus prejudgment interest of $16,857 pursuant to Commission Rule of Practice 600, and to pay a civil penalty of **$90,000**, with additional interest pursuant to 31 U.S.C. § 3717.

2. Defendant VII Peaks Capital, LLC to pay to pay disgorgement in the amount of **$722,500** plus prejudgment interest of $123,199 pursuant to Commission Rule of Practice 600, and to pay a civil penalty of **$185,000**, with additional interest pursuant to 31 U.S.C. § 3717.

3. Finding Defendants Chandhoke and VII Peaks Capital, LLC jointly and severally liable up to Chandhoke's **$87,5000** and prejudgment interest of **$16,587** with

1

payments being applied first to post order interest.

Based upon the Court's review of the Application and the Declaration of Carol E. Schultze, and it appearing that an Order to Show Cause should issue, it is hereby:

**ORDERED**, that the above-captioned Defendants, Gurprit Chandhoke  and VII Peaks Capital, LLC shall appear before this Court in Courtroom ____B____ of the Courthouse located at 450 Golden Gate Ave. _____, San Francisco, California on ____August 6____, 2026  at __9:30__ a.m./~~p.m.~~ and show cause why the final Commission order requiring Chandhoke to pay his disgorgement judgment in the amount of $87,500 plus prejudgment interest in the amount of $16,857 pursuant to Commission Rule of Practice 600; and a civil penalty of $90,000, with additional interest pursuant to 31 U.S.C. § 3717, and requiring Peaks Capital to pay disgorgement of $722,500 and prejudgment interest of $123,199 pursuant to Commission Rule of Practice 600; and a civil money penalty of $185,000, with additional interest pursuant to 31 U.S.C. § 3717, should not be granted.

**ORDERED** that Defendants shall be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**FURTHER ORDERED**, that Defendants shall serve and file any opposing papers by 5:00 p.m. on ____July 14____, 2026. Service shall be made by delivering the papers by that date to Carol E. Schultze, at 100 F Street, Mail Stop 5628, Washington, DC 20549-5628 or via e-mail at schultzec@sec.gov.

**FURTHER ORDERED**, if Defendants fail to file opposing papers and/or appear at the scheduled hearing, the Court may find Defendants in default and enter an appropriate order against such party at such time without further notice being given.

**FURTHER ORDERED**, that if Defendants serve and file any opposing papers, the Commission may serve and file reply papers by 5:00 p.m. on ___July 21___, 2026. Service shall be made by delivering the papers by that date to Defendants at the address they designate in their opposition papers or, if they designate an e-mail address, via e-mail to that address.

**SO ORDERED.**

Dated:  June 30, 2026

_____
**UNITED STATES DISTRICT JUDGE**

3